1
2
3
4
5
6
7        IN THE UNITED STATES DISTRICT COURT
8        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9        SAN JOSE DIVISION

10   SIMON GOLAN OHAYON and                    CASE NO. 5:11-cv-01662 EJD
     TERRANCE EVANOFF, as individuals,
11   and on behalf of all those similarly situated,   **ORDER GRANTING PLAINTIFFS'
                                                 MOTION FOR PRELIMINARY
12                                               APPROVAL OF CLASS SETTLEMENT**
                      Plaintiff(s),
13        v.

14   THE HERTZ CORPORATION,                     [Docket Item No(s). 43]

15
                      Defendant(s).
16   _____/

17        Presently before the court is the unopposed Motion for Preliminary Approval of Class

18   Settlement filed by Plaintiffs Simon Ohayon and Terrance Evanoff.  See Docket Item No. 43.  For

19   the reasons stated below, the motion is granted.

20                        **I.    BACKGROUND**

21        Defendant The Hertz Corporation ("Defendant") is primarily engaged in the business of

22   renting vehicles to the general public.  See Second Amended Complaint ("SAC"), Docket Item No.

23   23, at ¶ 3.  Plaintiffs were employed by Defendant as Sales Representatives.  Id. at ¶ 4.  Plaintiffs

24   allege that Defendant instituted a policy which required Sales Representatives to work overtime

25   hours without compensation.  Id. at ¶ 20.  Plaintiffs also allege that Defendant failed to provide meal

26   and rest periods, failed to provide itemized wage statements, and failed to reimburse Sales

27   Representatives for certain job-related expenses, all in violation of relevant California labor laws.

28   Id.

**United States District Court**
For the Northern District of California

1

**United States District Court**
For the Northern District of California

This action was originally commenced in Santa Clara County Superior Court on July 27, 2010, and named only Ohayon as the plaintiff. Defendant then removed the case to this court on April 6, 2011. After filing one amended complaint prior to removal, Plaintiffs filed the SAC on June 22, 2011, which added Evanoff as an additional plaintiff.

Between May and June, 2012, the parties executed a Class Settlement Agreement ("CSA"), a copy of which is attached to the declaration of Plaintiff's counsel. <u>See</u> Decl. Of Norman Blumenthal, Docket Item No. 43. The proposed settlement includes the following settlement class members:

> All those persons employed by The Hertz Corporation as a Car Sales Representative in California during the Class Period.

The "class period" is defied as July 27, 2006, through April 30, 2012. Pursuant to the CSA, the gross settlement value is $200,00.00, from which payments are to be made as follows: (1) attorney's fees to Class Counsel in an amount not to exceed $50,000.00, (2) $10,000.00 to Ohayon and $5,000.00 to Evanoff as service awards, (3) an estimated $15,000.00 as reasonable costs to the Claims Administrator, (4) $4,000.00 to the State of California, and (5) the remaining net settlement value to be allocated and distributed to the settlement class.

The amount payable to a class member from the net settlement value is calculated according to a "Per Workweek Payment." The "Per Workweek Payment" will be determined by first adding together the compensable workweeks of all settlement class members who timely file Claim Forms, and then dividing that amount into the net settlement value. The dollar value of the "Per Workweek Payment" will then be multiplied by the number of compensable workweeks worked by each participating class member. The final amount which results from this calculation will be disbursed to each individual class member.

In exchange for the monetary compensation calculated above, all non-excluded class members will release Defendant from "any and all actions, causes of action, suits, liabilities, claims, and demands whatsoever, as alleged in this lawsuit.

## II.   LEGAL STANDARD

A class action may not be settled without court approval. Fed. R. Civ. P. 23(e). When the

2

parties to a putative class action reach a settlement agreement prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). At the preliminary stage, the court must first assess whether a class exists. Id. (citing Amchem Prods. Inc. v. Windsor, 521 U.S. 591, 620 (1997)). Second, the court must determine whether the proposed settlement "is fundamentally fair, adequate, and reasonable." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). If the court preliminarily certifies the class and finds the proposed settlement fair to its members, the court schedules a fairness hearing where it will make a final determination of the class settlement. Okudan v. Volkswagen Credit, Inc., No. 09-CV-2293-H (JMA), 2011 U.S. Dist. LEXIS 84567, at *6 (S.D. Cal. Aug. 1, 2011).

## III. DISCUSSION

### A. Class Certification

Pursuant to the Federal Rules, there are four preliminary requirements for class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. See Fed. R. Civ. P. 23(a)(1)-(4). If these are satisfied, the court must then examine whether the requirements of Rule 23(b)(1), (b)(2), or (b)(3) are satisfied. Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2548-49 (2011).

The Rule 23 requirements are more than "a mere pleading standard." Id. Indeed, the class representations are subjected to a "rigorous analysis" which compels the moving party to "affirmatively demonstrate . . . compliance with the rule - that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." Id.

### 1. Rule 23(a)

Rule 23(a)(1) provides that a class action may be maintained only if "the class is so numerous that joinder of all parties is impracticable." Fed. R. Civ. P. 23(a)(1). In this context, "impracticability" is not equated with impossibility; it is only an apparent difficulty or inconvenience from joining all members of the class. Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913-14 (9th Cir. 1964). Moreover, satisfaction of the numerosity requirement is not

3

**United States District Court**
For the Northern District of California

1 dependent upon any specific number of proposed class members, but "where the number of class

2 members exceeds forty, and particularly where class members number in excess of one hundred, the

3 numerosity requirement will generally be found to be met. Int'l Molders' & Allied Workers' Local

4 164 v. Nelson, 102 F.R.D. 457, 461 (N.D. Cal. 1983).

5 According to the declaration of Plaintiffs' counsel, the purported size of the class is

6 approximately one hundred individuals. Based on this number of class members, the court finds the

7 numerosity requirement to be satisfied.

8 Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R.

9 Civ. P. 23(a)(2). In the wake of Wal-Mart, commonality now requires "the plaintiff to demonstrate

10 that the class members 'have suffered the same injury.'" Wal-Mart, 131 S. Ct. at 2551 (quoting

11 Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 157 (1982)). The claims of all class

12 members "must depend on a common contention," which is "of such a nature that it is capable of

13 classwide resolution - which means the determination of its truth or falsity will resolve an issue that

14 is central to the validity of each one of the claims in one stroke." Id.

15 Here, Plaintiffs contend that the "common contentions" underlying the claims of all class

16 members are (1) whether the Car Sales Representatives are "exempt" employees as that term is

17 defined under the Labor Code, and (2) whether Defendant correctly pays overtime to its employees.

18 Having considered this matter in light of Wal-Mart, the court concurs with Plaintiff's contention.

19 Because all of Plaintiffs' class claims are premised on Defendant's alleged policies - either one

20 resulting in improper employee classification or one resulting in adequate overtime payments - and

21 because those policies were applied to all putative class members as well as Plaintiffs, this case

22 meets the commonality requirement of Rule 23(a)(2).

23 Rule 23(a)(3) requires that the representative party's claim be "typical of the claim . . . of the

24 class." Fed. R. Civ. P. 23(a)(3). "Under this rule's permissive standards, representative claims are

25 typical if they are reasonably co-extensive with those absent class members; they need not be

26 substantially identical." Hanlon, 150 F.3d at 1020. Here, Plaintiffs' personal claims are similar to

27 those of any and all absent class members since, as a Car Sales Representatives employed by

28 Defendant, they were subject to Defendant's policies inasmuch as all other similarly situated

1    employees.  For this reason, Plaintiffs have satisfied the typicality requirement.

2          Finally, Rule 23(a)(4) requires a showing that "the representative parties will fairly and

3    adequately protect the interests of the class." Fed. R. Civ. Proc. 23(a)(4).  Constitutional due

4    process is central to this determination.  "[A]bsent class members must be afforded adequate

5    representation before entry of judgment which binds them." Hanlon, 150 F.3d at 1020 (citing

6    Hansberry v. Lee, 311 U.S. 32, 42-43 (1940)).  Two questions must be resolved by the court: "(1) do

7    the named plaintiffs and their counsel have any conflicts of interest with other class members, and

8    (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the

9    class?" Id.  Based on the information presented, the court answers the first question in the negative,

10   since Plaintiff shares the desire of all class members to be compensated for the violations alleged in

11   the SAC.  As to the second question, the court is satisfied that Plaintiffs' counsel has and will

12   continue to pursue this action vigorously on behalf of Plaintiffs and the proposed class members,

13   considering counsel's experience in labor law and class action litigation.

14         **2.      Rule 23(b)**

15         Under subsection (b)(3) of Rule 23, the court must find "that questions of law or fact

16   common to class members predominate over any questions affecting only individual members, and

17   that a class action is superior to other available methods for fairly and efficiently adjudicating the

18   controversy." Fed. R. Civ. P. 23(b)(3).  "The predominance inquiry focuses on the relationship

19   between the common and individual issues and tests whether the proposed class [is] sufficiently

20   cohesive to warrant adjudication by representation." Vinole v. Countrywide Home Loans, Inc., 571

21   F.3d 935, 944 (9th Cir. 2009) (internal citations omitted).

22         As already addressed with regard to the Rule 24(a)(2) commonality requirement, the fact that

23   all proposed class members were subject to Defendant's policies weighs in favor of finding the

24   requirements of Rule 23(b)(3) satisfied.  It appears the only individual determination necessary is the

25   amount of damages due to each class member, which itself does not defeat class certification.

26   Yokoyama v. Midland Nat'l Life Ins. Co., 594 F.3d 1087, 1094 (9th Cir. 2010).  Thus, the court

27   finds that common issues sufficiently predominate.

28         For superiority, the court must consider "whether maintenance of this litigation as a class

United States District Court

For the Northern District of California

5

United States District Court
For the Northern District of California

1   action is efficient and whether it is fair," such that litigating this case as a class action is superior to

2   other methods of adjudicating the controversy.  Wolin v. Jaguar Land Rover N. Am., LLC, 617 F.3d

3   1168, 1175-76 (9th Cir. 2010).  As Plaintiffs note, the alternatives to class certification are either

4   dozens of separate proceedings, which would be time-consuming and inefficient, or an abandonment

5   of claims by most class members, an outcome which is certainly not desirable.  For these reasons,

6   the court finds that a class action is the superior method of resolving the claims of all class members.

7   This requirement is therefore satisfied.

8          Since a sufficient showing has been made as to all of the requirements contained in Federal

9   Rule of Civil Procedure 23, the settlement class will be conditionally certified for the purposes of

10  settlement.

11         **B.      Preliminary Fairness Determination**

12         Pursuant to Rule 23(e), the court must examine the proposed settlement and make a

13  preliminary finding of fairness.  A class action settlement may be approved only based on a finding

14  that the settlement is "fair, reasonable, and adequate."  Fed. R. Civ. Proc. 23(e)(1)(C).  The burden

15  to demonstrate fairness falls upon the proponents of the settlement.  Staton, 327 F.3d at 959; see also

16  Officers for Justice v. Civil Svc. Comm'n. of the City and County of San Francisco, 688 F.2d 615,

17  625 (9th Cir. 1982).  The relevant factors for consideration include: the strength of the plaintiff's

18  case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining

19  class action status throughout the trial; the amount offered in settlement; the extent of discovery

20  completed; the stage of the proceedings; and the experience and views of counsel.  Staton, 327 F.3d

21  at 959.  "[S]ettlement approval that takes place prior to formal class certification requires a higher

22  standard of fairness."  Hanlon, 150 F.3d at 1026.

23         The court is satisfied that the proposed settlement is fair considering the representations

24  made in this motion.  First, it is apparent this settlement was reached after the parties conducted a

25  significant amount of formal and informal discovery.  Second, this case has been pending for over a

26  year and would likely require extensive additional discovery and additional litigation concerning the

27  adequacy of the proposed class as well the amount of damages.  Proceeding to settlement now would

28  obviously avoid that result and assures that each class member will receive payment on their claim

6

1    within a relatively short period of time.  Third, it is obvious the agreed settlement amount represents

2    a compromise of the parties based on the perceived strengths and weaknesses of their respective

3    positions, and was determined with regard to Defendant's contention that it maintains no liability in

4    this case.  Finally, Plaintiffs' counsel has recommended accepting the settlement.  For these reasons,

5    the motion for preliminary approval of class action settlement will be granted.

6            **C.        Notice of Class Certification and Settlement Administration**

7            Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances,

8    including individual notice to all members who can be identified through reasonable effort."  Rule

9    23(e)(1) requires reasonable notice to all class members who would be bound by the proposed

10   settlement.  The notice must explain in easily understood language the nature of the action,

11   definition of the class, class claims, issues and defenses, ability to appear through individual counsel,

12   procedure to request exclusion, and the binding nature of a class judgment.  Fed. R. Civ. P.

13   23(c)(2)(B).

14           Here, the parties agree to retain Gilardi & Co., LLC ("GCL") to serve as settlement claims

15   administrator.  The administration costs incurred will be paid from the settlement fund.

16           The CSA describes the claims process as follows:

17       1.      Within 15 days of an order granting preliminary approval, Defendant will provide to

18               the GCL the names, last-known addresses and Social Security numbers of the class

19               members, along with data indicating the number of compensable workweeks for each

20               class member.

21       2.      Within 15 days of receiving the information from Defendant, GCL will mail to all

22               class members, by regular mail, the Class Notice.  GCL will complete a national

23               change of address search before sending out the claims packets, and will use

24               reasonable diligence to obtain a current address for all returned packets within 30

25               days of the return.

26       3.      Class members will have 60 days from the mailing of the Class Notice to submit a

27               Claim Form, which will act as the member's consent to "opt in" as a party plaintiff in

28               this settlement.  Class members may be excluded from the settlement by mailing a

7

CASE NO. 5:11-cv-01662 EJD
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

**United States District Court**

For the Northern District of California

1        written request for exclusion to GCL within 45 days from the mailing of the Class

2        Notice.

3    4.    If a class member submits both a claim form and a request for exclusion, the request

4        for exclusion will be rejected.  If a class member does not respond or fails to properly

5        request exclusion, the members will be deemed bound by the terms and conditions of

6        the settlement.  If 5% or more of class members elect not to participate in the

7        settlement, Defendant will have the right to rescind the settlement.

8    5.    If a class member disputes the number of compensable workweeks listed on the

9        Claim Form, the class member may disagree with the calculation by noting the

10        objection on the Claim Form and providing materials in support.  GCL will be

11        responsible for resolving all discrepancies and its decision will be binding on all

12        parties.

13    6.    GCL will be responsible for issuing settlement payments and calculating and

14        withholding all required state and federal taxes.

15    7.    Class members wishing to object to the settlement must file with the court, submit to

16        GCL, and serve on counsel for each party, a written statement detailing their

17        objection within 45 days after Plaintiff's counsel files the Motion for Final Approval

18        of Settlement.

19    The court finds the procedure described above meets the standards of Rule 23.  Moreover,

20    the

21    Class Notice and Claim Form, attached as Exhibits 1 and 2 to the supplemental declaration of

22    Plaintiff's counsel respectively, are hereby approved.  See Docket Item No. 48.

23                          **IV.    ORDER**

24        In light of the preceding discussion, the Motion for Preliminary Approval of Class Settlement

25    (Docket Item No. 43) is GRANTED as follows:

26    1.    This action is certified as a class action for settlement purposes only pursuant to

27    subsections (a) and (b)(3) of Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

28    2.    The CSA is preliminarily approved as fair, reasonable, and adequate pursuant to

8

1   Federal Rule of Civil Procedure 23(e).

2        3.     Named plaintiffs Simon Golan Ohayon and Terrance Evanoff are approved to act

3   as class representatives for settlement purposes only.

4        4.     Norman B. Blumenthal and Kyle Nordrehaug of Blumenthal, Nordrehaug &

5   Bhowmik are appointed as settlement class counsel pursuant to Federal Rule of Civil Procedure

6   23(g).

7        5.     Gilardi & Co., LLC is approved to act as claims administrator for settlement

8   purposes only.  The court directs the mailing of the Class Notice and Claim Form by first-class mail

9   to the Settlement Class in accordance with the schedule and procedures set forth in the CSA.  All

10  "opt-ins," exclusions and objections shall also be addressed according to the terms of the CSA.

11       6.     The content of the Notice and Claim Form are approved pursuant to subsections

12  (c)(2)(B) and (e) of Federal Rule of Civil Procedure 23.

13       7.     The hearing on final approval of class action settlement is rescheduled to **January**

14  **25, 2013, at 9:00 a.m.** before this court.   Class counsel shall file brief(s) requesting final approval

15  of the CSA, an award of reasonable attorneys' fees and costs, and an award of reasonable class

16  representative enhancement fees not later than 35 calendar days before the final approval hearing.

17  All other applicable dates shall be established by the CSA.

18  **IT IS SO ORDERED.**

19

20  Dated:  October 16, 2012

21                                   EDWARD J. DAVILA
                                 United States District Judge

22

23

24

25

26

27

28